

The following constitutes the order of the court.
Signed March 24, 2015

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | |
| | No. 09-71464 |
| Thomas Wayne Hoover, SR., | |
| | Chapter 13 |
| Debtor. | |

**MEMORANDUM REGARDING DEBTOR'S MOTION FOR HARDSHIP DISCHARGE**

The Chapter 13 debtor, Thomas Wayne Hoover, Sr., died with one final payment due under his five-year plan. His counsel filed a motion requesting a hardship discharge under 11 U.S.C. § 1328(b). A hearing was held on March 12, 2015, and the trustee did not object. As no provision of the Bankruptcy Code deals with the consequences of the death of a debtor on the administration of a case, it is unclear how § 1328(b) should be applied where the debtor dies during the case. The question

1

turns on a fair reading of Federal Rule of Bankruptcy Procedure 1016, a rule which courts have read and interpreted in two plausible ways. The Court finds that a fair reading of Rule 1016 authorizes the granting of a hardship discharge in a case such as the one before this Court, and the debtor has satisfied the requirements under 11 U.S.C. § 1328(b) for a hardship discharge. The motion is granted.

## Background

Hoover filed this case in November 2009. His plan was confirmed in April 2010. During the course of this case, the Court approved three applications to modify Hoover's plan: the first on July 21, 2010, the second on June 1, 2012, and the third on October 30, 2013. The last modification of the plan reduced Hoover's payment to $425 effective October 2013 for the remainder of the plan. On November 19, 2014, Hoover died. According to the motion, only one final payment is owed on the plan, and secured and priority claims have been paid in full. Unsecured creditors have received payments through the plan and are the only debts left to be paid. At the time of Hoover's death, he was living on disability and a small pension. Hoover's wife, from whom he was separated during his bankruptcy, does not have the funds to make the final payment

of his plan. Hoover's counsel filed a motion requesting a hardship discharge for Hoover, arguing that the requirements under 11 U.S.C. § 1328(b) are satisfied in this case.

## Discussion

Section 1328(b) of the Bankruptcy Code provides for the so-called "hardship" discharge. It permits the court to grant a discharge to a debtor who has not completed payments under a plan if certain requirements are met. The section provides as follows:

> Subject to subsection (d), at any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
> (3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b) (2012).

No provision of the Bankruptcy Code deals with how a case should proceed when the debtor dies during the case. In the

3

absence of explicit statutory authority, it is unclear how § 1328(b) applies to a deceased debtor's case.

However, the death of a debtor is addressed in Rule 1016. It states, in relevant part,

> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. . . . If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

Fed. R. Bankr. P. 1016.

Courts have interpreted this rule in markedly different, but plausible, ways. Some courts have found that because the Bankruptcy Code section authorizing a hardship discharge does not provide for the debtor's death, and the language of Rule 1016 does not mention a hardship discharge, granting one is impermissible. *See In re Hennessey*, No. 11-13793, 2013 WL 3939886, at *1 (Bankr. N.D. Cal. July 29, 2013). *See also*, *In re Miller*, AP No. 13-cv-03043-REB, Bankruptcy Case No. 09-12146 ABC, 2014 WL 4723881, at *3 (D. Colo. Sept. 23, 2014) (finding no error in bankruptcy court's holding that hardship discharge was not contemplated by the drafters of Rule 1016 and upholding

4

denial of a hardship discharge for deceased debtor). While § 1328(b) does not contemplate the death of the debtor, other courts have chosen to include death as a circumstance for which the debtor should not justly be held accountable. *See, e.g.*, *In re Perkins*, 381 B.R. 530, 532 (Bankr. S.D. Ill. 2007); *In re Graham*, 63 B.R. 95, 96 (Bankr. E.D. Pa. 1986). These courts have found that granting a hardship discharge is permissible under Rule 1016 when the rule is read to allow the deceased debtor's representative to perform *any* appropriate action under the Bankruptcy Code that is in the best interest of the parties in the "further administration" of the deceased debtor's case, including disposing of a case via a hardship discharge. *See, e.g.*, *In re Kosinski*, No. 10 bk 28949, 2015 Bankr. LEXIS 779, at *4 (Bankr. N.D. Ill. Mar. 5, 2015); *In re Bevelot*, No. 05-36051, 2007 WL 4191926, at *2 (Bankr. S.D. Ill. Nov. 21, 2007); *In re Maxx Redwine*, No. 09-84032-JB, 2011 WL 1116783, at *2 (Bankr. N.D. Ga. Mar. 8, 2011).

This Court concludes that the latter interpretation of Rule 1016 is a fair reading of the rule. In the case of a deceased debtor, further administration of the case can encompass a hardship discharge when the equities in the case so merit, and when the requirements of § 1328(b) are met.

5

Case: 09-71464    Doc# 60    Filed: 03/24/15    Entered: 03/24/15 11:21:43    Page 5 of 10

Only one other case has addressed this issue in this district. *In re Hennessey*, No. 11-13793, 2013 WL 3939886, at *1 (Bankr. N.D. Cal. July 29, 2013). In *Hennessey*, the court adopted a different interpretation of Rule 1016, based at least in part, on a markedly different set of facts.

As an initial matter, the court in *Hennessey* suggested that Rule 1016 does not encompass a hardship discharge in the further administration of a deceased debtor's case because the language of the rule did not include a reference to a hardship discharge, but noted that granting a discharge was within the discretion of the court. *Id*.

In considering whether to exercise that discretion in favor of granting the discharge, the court considered closely the facts of that case. The debtor had confirmed her Chapter 13 plan only a little over a year before her death. *Id*. Consequently, at the time of her death, the debtor had paid her attorney and most of the arrears on her home, but unsecured creditors had not received anything. *Id*. The representatives of the debtor's probate estate moved the court for entry of a hardship discharge. *Id*.

The court stated several reasons why in its view granting the discharge would be unfair. *Id*. First, the court was

6

concerned that because the debtor's death occurred relatively soon after confirmation, the unsecured creditors had received none of the payments they were to have received under the plan. Thus, the "bankruptcy purpose" of that Chapter 13 case had been largely unfulfilled. *Id*. Second, and perhaps more profoundly troubling to the court, the court reasoned that granting a discharge in that case would not benefit the deceased debtor and would have precluded creditors who had not yet received anything from the plan from making any claims in the probate proceedings. *Id*. Thus, the court declined to grant a hardship discharge in large part to avoid what the court concluded would be inappropriate consequences outside of bankruptcy. *Id*. at *1-2.

The concerns express in *Hennessey* are certainly valid, but they aren't present here. The facts in this case are profoundly different from those in *Hennessey*. At the time of Hoover's death, he had paid all but one last payment of his five-year plan. Secured and priority claims have been paid in full. And, unlike in *Hennessey*, unsecured creditors have received virtually all of their payments under Hoover's confirmed plan, as amended. And there is no sense here, as there was in *Hennessey*, that there is a probate proceeding

7

through which the unpaid unsecured claims in this case might have recourse.  Thus, there is not the same danger of unintended consequences occurring outside of bankruptcy in this case. Furthermore, a hardship discharge will provide repose to an estranged but non-divorced spouse.  The equities in this case allow for a hardship discharge in the further administration of Hoover's case.

Having concluded that it is possible for the Court to entertain a hardship discharge in this case, the Court finds ample reason to do so.  The debtor's death is a circumstance for which the debtor should not justly be held accountable; the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under Chapter 7; and modification of the debtor's plan under § 1329 is not practicable given debtor's death.  The requirements for a hardship discharge under 11 U.S.C. § 1328(b) are satisfied in this case.

## CONCLUSION

After considering the relevant Bankruptcy Code and Rules and the facts and equities of this case, the Court concludes

that a fair reading of Rule 1016 encompasses the potential grant of a hardship discharge.  Furthermore, the facts of this case merit the Court's exercise of discretion in the granting of a hardship discharge.  For the reasons set forth above, debtor's motion for hardship discharge is granted.

**\*END OF MEMORANDUM\***

**COURT SERVICE LIST**

Sally J. Elkington
409 13th Street, 10th Floor
Oakland, CA 94612

Martha G. Bronitsky
P.O. Box 9077
Pleasanton, CA 94566

10